# 24-1467

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**CENTRAL APPALACHIAN COAL COMPANY,**

*Petitioner*,

– v. –

**RICHARD ESTUDILLO; DIRECTOR,
OFFICE OF WORKERS' COMPENSATION PROGRAMS,
UNITED STATES DEPARTMENT OF LABOR,**

*Respondents.*

On Appeal from a Decision and Order of
The Benefits Review Board,
<u>United States Department of Labor</u>

### REPLY BRIEF OF PETITIONER

Mark J. Grigoraci
ROBINSON & MCELWEE, PLLC
Post Office Box 1791
Charleston, West Virginia 25326
(304) 347-8304

*Counsel for Petitioner*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

I.    ARGUMENT ..................................................................................................1

        A.    The Director Cites Cases that Do Not Support
             Its Argument ........................................................................................1

        B.    The Burden of Proof was Imposed on the Employer ..................5

        C.    The Director Tries to Impose the Burden of Proof
             on the Employer ...................................................................................7

        D.    The Employer Does Not Want a Reweighing of
             the Evidence ..........................................................................................8

        E.    The Employer Does Not Propose a New Rule .........................10

        F.    Deference to the Preamble is Reversible Legal Error ...............12

II.    CONCLUSION ............................................................................................14

III.   CERTIFICATE OF COMPLIANCE

IV.   CERTIFICATE OF FILING AND SERVICE

# **TABLE OF AUTHORITIES**

**Page**

## **CASES**

*American Energy, LLC v. Director, OWCP*
    106 F.4th 319 (4th Cir. 2024) ........................................ 3, 4, 5-6, 9, 13

*Bureau of Alcohol, Tobacco and Firearms v. FLRA*
    464 U.S. 89 (1983) ............................................................................... 14

*Consolidation Coal Co. v. Angelilli*,
    54 Fed. App'x 787 (4th Cir. 2003) ............................................... 10-11

*Consolidation Coal Co. v. Director, OWCP*, No. 22-9540,
    2023 U.S. App. LEXIS 17256 (10th Cir. July 10, 2023) .................... 2

*Consolidation Coal Co. v. Swiger,*
    98 Fed. App'x 227 (4th Cir. 2004) ............................................... 2, 12

*Consol of Ky., Inc. v. Eskut*
    734 Fed. App'x 964 (6th Cir. 2018) ................................................... 7

*Consol. Pa. Coal Co. v. Dir., OWCP*, No. 23-1351,
    2024 U.S. App. LEXIS 14012 (3d Cir. June 10, 2024) .................. 1-2

*Crocket Colleries, Inc. v. Barrett*,
    478 F.3d 350 (6th Cir. 2007) ............................................................. 2

*Fox ex rel. Fox v. Elk Run Coal Co.*,
    739 F.3d 131 (4th Cir. 2014) ........................................................... 10

*Huscoal, Inc. v. Director, OWCP*
    48 F.4th 480 (6th Cir. 2022) ..................................................... 2, 3, 4

*Lane Hollow Coal Co. v. Lockhart*
    137 F.3d 799 (4th Cir. 1998) ........................................................... 10

*Loper Bright Enters. v. Raimondo*
    144 S. Ct. 2244 (2024)......................................................... 12, 13-14

*Sahara Coal Co. v. OWCP, United States Dep't of Labor*
    946 F.2d 554 (7th Cir. 1991) ................................................................6

*Sea "B" Mining Co. v. Addison*,
    831 F.3d 244 (4th Cir. 2016) ...............................................................6

*Underwood v. Elkay Mining*,
    105 F.3d 946 (4th Cir. 1997) ...............................................................9

*W. Va. CWP Fund v. Bell*,
    781 Fed. App'x 214 (4th Cir. 2019) ...................................................10

## **REGULATIONS**

20 CFR § 718.103(b)(8)...............................................................................11

4871-0671-5122, v. 1

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

CENTRAL APPALACHIAN COAL COMPANY,

    Petitioner,

v.                                        Appeal No.: 24-1467

RICHARD ESTUDILLO,

and

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,

    Respondents.

**REPLY BRIEF IN SUPPORT OF PETITION FOR REVIEW
ON BEHALF OF CENTRAL APPALACHIAN COAL COMPANY**

## I.    ARGUMENT

**A.    The Director Cites Cases that Do Not Support Its Argument**

According to the Director, it is "well-established" that an ALJ may discredit a physician who relies on partial reversibility with bronchodilators "unless that doctor goes on to explain the etiology of the residual irreversible portion of the miner's impairment." [Director's Response Brief at 13.] However, the Director relies on cases that do not support its argument. Two of the cases are 15 year presumption cases, but the claimant in this matter does not qualify for the presumption. *Consol. Pa. Coal Co. v. Dir., OWCP*, No. 23-1351, 2024 U.S. App.

1

LEXIS 14012, at *1 (3d Cir. June 10, 2024); *Consolidation Coal Co. v. Director, OWCP*, No. 22-9540, 2023 U.S. App. LEXIS 17256, at *1-2 (10th Cir. July 10, 2023). [Director's Response Brief at 13 n.10.] The Director also cites *Consolidation Coal Co. v. Swiger,* 98 Fed. App'x 227 (4th Cir. 2004). [Director's Response Brief at 13 n.10.] As noted in Petitioner' s Initial Brief, the miner in *Swiger* had a disabling residual impairment after use of bronchodilators, which the claimant in this case does not have and which is a critical factor indicating that he does not have legal pneumoconiosis. *Id.* at 237.

The remaining case cited by the Director is *Huscoal, Inc. v. Director, OWCP*, 48 F.4th 480 (6th Cir. 2022). [Director's Response Brief at 13 n.10.] There are many reasons why *Huscoal* is not applicable. It relies on *Crockett Colleries, Inc. v. Barrett*, 478 F.3d 350, 356 (6th Cir. 2007), for the proposition that an ALJ may reject a physician opinion that "had not adequately explained why [the miner]'s responsiveness to treatment with bronchodilators necessarily eliminated a finding of legal pneumoconiosis." *Huscoal*, 48 F.4th at 493. Moreover, according to the *Huscoal* Court, the ALJ was correct to discredit the physicians because they did not "appreciate that some reversibility on pulmonary function test values after a miner uses bronchodilators does not preclude the presence of a chronic lung disease due to coal dust exposure." *Huscoal*, 48 F.4th at 487. These quotes highlight the problem with the standard that the Benefits Review Board ("BRB"),

2

ALJ and opposing parties believe should apply. Each wants to require the employer's experts to explain why they eliminate legal pneumoconiosis, or why reversibility with bronchodilators precludes legal pneumoconiosis. The claimant has the burden of proof, and there is no obligation for the employer's experts to explain why reversibility or anything else eliminates or precludes legal pneumoconiosis. It is improper for an ALJ in a black lung claim to "require [the employer's] physicians to explain why coal dust exposure was not a cause of [the claimant's] impairment." *American Energy, LLC v. Director, OWCP*, 106 F.4th 319, 332 (4th Cir. 2024).

Furthermore, *Huscoal* has striking parallels to the evaluation of the evidence this Court found to be erroneous in *American Energy*:

1. In *Huscoal*, the ALJ found the employer's physicians "were neither well-documented nor well-reasoned because they did not sufficiently explain why [the miner's] coalmine dust exposure did not contribute 'at least in part' to his COPD." *Huscoal, Inc.*, 48 F.4th at 487.

    This is wrong under *American Energy* – An ALJ cannot discredit an employer's physicians for failing "to adequately explain why coal dust exposure was not also a cause of [the respiratory impairment. . . . [T]he Act and its implementing regulations place the burden of proving pneumoconiosis on the miner, not the employer. So, [the employer] has no burden to prove that coal dust exposure did not cause [the miner's] respiratory impairment . . . ." *American Energy,* 106 F.4th at 332.

2. In *Huscoal*, the ALJ relied on the Preamble to conclude "that Dr. Broudy's opinion was 'contrary to the [DOL]'s view that smoking and coal mine dust are equally harmful to the lungs and cause significant obstruction at roughly the same rate." *Huscoal, Inc.*, 48 F.4th at 488.

3

This violates *American Energy* – An "ALJ must not credit a physician's legal pneumoconiosis opinion as consistent with the preamble merely because it identifies coal dust exposure and smoking as dual causes of a miner's respiratory impairment." *American Energy*, 106 F.4th at 332.

3. The ALJ in *Huscoal* discredited Dr. Habre because he "essentially admitted that coal dust played some role in [the miner's] COPD by opining that the COPD had a 'dual etiology,' even though the 'main etiology' was smoking." *Huscoal, Inc.*, 48 F.4th at 493.

This is wrong under *American Energy* – "Under the ALJ's approach, every medical opinion identifying coal dust exposure and smoking as dual causes of a miner's respiratory impairment would be credited as being consistent with the preamble . . . while every medical opinion that fails to identify coal dust exposure as a cause would be automatically discredited." *American Energy*, 106 F.4th at 332-33. It is also wrong to credit opinions "that coal dust partially caused a miner's lung disease as being consistent with the preamble . . ." when the evidence does not point to smoking any more than coal dust exposure. *Id.* at 333. Remarkably, the ALJ in *Huscoal* violates this rule by discrediting Dr. Habre's opinion that smoking was the main cause of the miner's impairment based on the false premise that smoking and coal dust exposure must always be dual causes.

The decisions in *Huscoal* and *American Energy* are irreconcilable. *American Energy* warns that "the preamble's recognition that a miner with a history of smoking may nevertheless have legal pneumoconiosis does not amount to a presumption." *American Energy*, 106 F.4th at 326. Yet, that is precisely how the ALJ viewed the Preamble in *Huscoal*. Indeed, Judge Amul Thapar observed in his concurring opinion that the "overreliance on agency guidance is problematic. The ALJ here entirely discounted the testimony of two experts based on one line from a guidance document—the DOL's Preamble to the Black Lung Benefits Act regulations." *Huscoal, Inc.*, 48 F.4th at 494 (Thapar, J. concurring).

4

B.  **The Burden of Proof was Imposed on the Employer**

It is agreed that the claimant has the burden of proof. [Claimant's Response Brief at 16.] Despite this, the burden of proof was flipped to the employer. The BRB and ALJ assert that the employer's experts are required to "explain why, even if asthma can explain Claimant's obstructive impairment, his asthma and resulting impairment are not significantly related to, or substantially aggravated by, coal mine dust exposure." [JA209.] Further, the ALJ demanded that Drs. Basheda and Zaldivar explain why they excluded coal mine dust exposure as a cause of the claimant's COPD or asthma, and "consider whether the miner's asthma or obstruction were substantially aggravated by his coal mine dust exposure or whether it significantly contributed to his disease." [JA195.] Putting the burden of proof on the employer is a serious error of law. [Petitioner's Initial Brief at 16-17.] It also violates this Court's holding in *American Energy*.

It is improper for an ALJ to "require [the employer's] physicians to explain why coal dust exposure was not a cause of [the claimant's] impairment." *American Energy*, 106 F.4th at 332. In this case, according to the BRB and ALJ, the employer's "physicians failed to adequately explain why coal dust exposure was not also a cause of [the claimant's] respiratory impairment." *American Energy,* 106 F.4th at 332. This is patently erroneous because the employer "has no burden to prove that coal dust exposure did not cause [the claimant's] respiratory impairment

. . . ." *American Energy,* 106 F.4th at 332. A "legal error is only harmless in a black lung case 'if the outcome . . . is foreordained.'" *Id.* (quoting *Sahara Coal Co. v. OWCP, United States Dep't of Labor*, 946 F.2d 554, 558 (7th Cir. 1991)). Had the burden of proof not been flipped, the ALJ likely would have found that the claimant does not have legal pneumoconiosis. At a minimum, it cannot be said that the ALJ would have reached the same decision if the burden of proof had not been flipped. This legal error therefore "fatally undermines [the] award of benefits based on legal pneumoconiosis." *American Energy*, 106 F.4th at 334. Also, the ALJ failed to properly evaluate relevant evidence, which is further prejudicial error. *Sea "B" Mining Co. v. Addison*, 831 F.3d 244, 254 (4th Cir. 2016).

The claimant argues that the employer wants its experts to have a "free pass" and be accepted at face value. [Claimant's Response Brief at 16.] This could not be further from the truth. What the employer wants is an equal playing field in non-presumption cases, where the same standard applies to all experts. That is not what happened here. Under the view of the ALJ and BRB, Drs. Basheda and Zaldivar can only be well-reasoned if they explain away a hypothetical connection to coal mine dust exposure, even though the employer has no such burden, and no explanation is acceptable because:

(1) there is always a *possibility* that coal mine dust contributes [JA195]; or

6

(2) they diagnosed a condition that *could be* legal pneumoconiosis and their failure to agree that the condition is related to coal mine dust exposure means they did not consider the definition of legal pneumoconiosis [JA193, JA194, JA195]; or

(3) they did not explain how they *excluded* coal mine dust exposure [JA195.]

**C.    The Director Tries to Impose the Burden of Proof on the Employer**

According to the Director, the employer's experts have the burden of explaining the claimant's purported residual pulmonary impairment. [Director's Response Brief at 16.] The Director cites *Consol of Ky., Inc. v. Eskut*, 734 Fed. App'x 964, 965-66 (6th Cir. 2018) for the proposition an employer's experts must "actually address" with "sufficiency" the miner's residual pulmonary impairment. Ironically, reliance on *Eskut* substantiates the employer's argument that the burden of proof was wrongly placed on it. *Eskut* is a 15 year presumption case. The duty to explain must be grafted from 15 year presumption cases onto this case to justify the ALJ and BRB's action. Drs. Basheda and Zaldivar must explain why they eliminated coal dust exposure as at least a contributing factor – and even though they did this based on the data, testing, clinical findings, occupational history, and the significant reversibility and improvement with bronchodilators that are specifically inconsistent with the fixed nature of legal pneumoconiosis – their opinions cannot be well-reasoned because it is administrative fiat that reversibility

7

and improvement can never eliminate lung disease due to coal mine dust exposure because the residual pulmonary impairment *could be* due to coal mine dust exposure. In other words, the argument uses circular logic.

And, there is no escape from the circular logic: Legal pneumoconiosis exists unless the physician "adequately" explains the reversibility and improvement → the reversibility and improvement are explained → but, reversibility and improvement do not preclude lung disease related to coal dust exposure → hence, the explanation is not adequate → thus, legal pneumoconiosis is established.

### D.   The Employer Does Not Want a Reweighing of the Evidence

The claimant's argument that the employer wants the evidence reweighed is without merit. [Claimant's Response Brief at 9.] This is basically an invitation to sweep under the rug the prejudicial errors in the BRB and ALJ's analysis of the evidence. It does not matter that (1) the BRB affirmed the ALJ's assessment of Dr. Basheda based on a reason not actually considered by the ALJ; (2) the employer's experts were forced to explain away a contribution from coal mine dust exposure and the burden of proof was placed on the employer; (3) the employer's experts were required to explain why coal mine dust did not cause or substantially contribute to the "irreversible portion" of the claimant's pulmonary impairment, even though the post-bronchodilator results showed there was no residual or irreversible impairment; (4) the ALJ's evaluation of the opinions of the employer's

8

experts did not meet the duty outlined in *Underwood v. Elkay Mining*, 105 F.3d 946 (4th Cir. 1997); and (5) the ALJ applied a double standard of credibility to the medical experts. This last error merits additional discussion.

According to the ALJ, Dr. Habre's opinion is well-reasoned because he relied on the "testing, symptoms, occupational history and social history," and "explained how those factors support his diagnosis." [JA207] Likewise, Dr. Green's opinion is well-reasoned because he "relied upon the diagnostic testing, including specific test results, as well as [] Claimant's work and social history and explained how those findings support his finding of legal pneumoconiosis." [JA209.] These are not logical and rational reasons for giving these physician opinions greater weight. Dr. Basheda and Dr. Zaldivar considered the same factors as Dr. Green and Dr. Habre. But, the ALJ refused to find Drs. Basheda and Zaldivar well-reasoned unless they met an additional burden to explain why the miner's pulmonary condition was not related to coal mine dust exposure. [JA209.] This is an improper double standard. If the ALJ's reasoning for crediting Drs. Habre and Green was applied to Drs. Basheda and Zaldivar, they would also be well-reasoned. This creates a tie in the evidence that goes to the employer. *American Energy*, 106 F.4th at 327.

E.    **The Employer Does Not Propose a New Rule**

The Director argues that the employer seeks a "proposed rule that the cause of a miner's residual post-bronchodilator impairment is irrelevant unless it is independently totally disabling . . . ." [Director's Brief at 18.] Relatedly, the Director argues that the employer claims that "that an ALJ cannot discredit a medical expert for failing to explain the etiology of a miner's residual, post bronchodilator impairment unless that residual impairment is independently totally disabling . . . ." [*Id.* at 19.] This is incorrect.

The claimant's pulmonary function tests produced "results post bronchodilator that do not qualify for disability." [JA178.] That is, there is no residual disabling pulmonary impairment when the claimant is treated with bronchodilators. Dr. Basheda and Dr. Zaldivar explained that this specific pattern (and other findings) is specific evidence that the claimant does not have any pulmonary impairment caused or substantially aggravated by coal mine dust exposure. Reversibility and improvement with bronchodilators are significant factors weighing against a pneumoconiosis diagnosis because pneumoconiosis is a fixed condition that is "progressive and irreversible," and improvement is not consistent with pneumoconiosis. *Lane Hollow Coal Co. v. Lockhart*, 137 F.3d 799, 803 (4th Cir. 1998); *Fox ex rel. Fox v. Elk Run Coal Co.*, 739 F.3d 131, 133 (4th Cir. 2014); *W. Va. CWP Fund v. Bell*, 781 Fed. App'x 214, 235 (4th Cir. 2019);

10

*Consolidation Coal Co. v. Angelilli*, 54 Fed. App'x 787, 792 (4th Cir. 2003) (unpublished). These fundamental principles apply in this case to the claimant's improvement with bronchodilators and show that he does not have legal pneumoconiosis. There is no basis for the BRB and ALJ to require the employer's experts to explain away a "residual impairment" where the bronchodilator treatment results in the claimant having no pulmonary disability. [JA178; JA207.]

The Director wants a rule that if there is any impairment after bronchodilators, even if there is no total disability, the claimant must have legal pneumoconiosis because it must be that the miner has multiple pulmonary conditions, and pneumoconiosis must have had a material effect on his or her pulmonary condition. [Director's Response Brief at 12-13.] It seems that the claimant wants a rule that bronchodilator treatment is just a temporary fix for a permanent, irreversible condition. [Claimant's Response Brief at 21.] Both positions are untenable. The regulation on the standards for pulmonary function tests requires that if "a bronchodilator is administered, the physician's report must detail values obtained both before and after administration of the bronchodilator and explain the significance of the results obtained[.]" 20 CFR § 718.103(b)(8). According to the ALJ, BRB, and opposing parties, the only relevance of reversibility is that it does not preclude or eliminate legal pneumoconiosis. This is clearly unreasonable.

11

Moreover, if the approach urged by the BRB, ALJ, and opposing parties is accepted, any remaining impairment after bronchodilators, no matter how minuscule and despite the claimant's condition improving to the point he or she has no disability, would be evidence of legal pneumoconiosis. This would invert *Swiger*, which observed that although the miner's condition improved with bronchodilators, "the fact that he experienced a disabling residual impairment suggested that a combination of factors was causing his pulmonary condition." *Swiger*, 98 Fed. App'x at 237. The rule instead would be that "[i]n this case, although [the claimant's] condition improved when given a bronchodilator [to the point he had no pulmonary disability], the fact that he [had some non-disabling residual impairment] suggested that a combination of factors was causing his pulmonary condition." *Id.* Such a rule would improperly render reversibility of an irreversible condition immaterial and improvement of a fixed condition irrelevant.

## F.  Deference to the Preamble is Reversible Legal Error

The Director's invitation to defer to the Department of Labor's explanation in the Preamble regarding the claimant's burden of proof for disability causation raises the error of deferring to the Preamble. [Director's Response Brief at 18.] This error is also brought into focus by *Loper Bright Enters. v. Raimondo*, 144 S. Ct. 2244 (2024). The ALJ's deference to the Preamble in weighing the physician opinion evidence is prejudicial error. It is recognized that this Court has repeatedly

12

upheld the ALJ's use of the Preamble "when determining whether to credit a physician's medical opinion on the existence of pneumoconiosis or the cause of a miner's disabling respiratory impairment." *American Energy, LLC*, 106 F.4th at 331 (citation omitted). Further, the employer recognizes that "an ALJ does not apply an incorrect legal standard by discrediting medical opinions that are inconsistent with the medical and scientific premises relied upon by the Department in the preamble." *Id.* at 331 (citation omitted). Regardless, this issue requires reconsideration in light of *Loper Bright*.

Deference to the Preamble and any purported principles, premises, views, conclusions, or interpretations in the Preamble is clearly erroneous. *Loper Bright*, 144 S. Ct. at 2266-267, 2273. In this case, the ALJ deferred to the Preamble to wrongly discredit the opinions of Dr. Basheda and Dr. Zaldivar that claimant has asthma unrelated to coal mine dust exposure because the Preamble says that COPD includes chronic bronchitis, emphysema and asthma; to excuse the claimant from the burden to prove that his COPD and asthma are related to coal mine dust exposure because the Preamble says that COPD and asthma could be related to coal mine dust exposure; and to find Dr. Green's opinion worthy of the most weight because it "is consistent with the Preamble . . . ." [JA194-195.] The belief that the Department of Labor and Preamble are due deference "is misguided because agencies have no special competence in resolving statutory

13

ambiguities. Courts do." *Loper Bright*, 144 S. Ct. at 2266. The agency's statutory interpretation "cannot bind a court" although it may be informative if it is based on factual premises in the agency's expertise. *Id.* at 2267 (quoting *Bureau of Alcohol, Tobacco and Firearms v. FLRA*, 464 U.S. 89, 98, n. 8 (1983)). In evaluating the evidence in this claim, the ALJ improperly treated the Preamble as binding and gave the document undue deference. This warrants reversal of the ALJ's decision.

## II.   CONCLUSION

Wherefore, for the reasons discussed in this Reply Brief and Petitioner's Initial Brief, and any other reasons apparent from the record, the employer respectfully requests that this Honorable Court reverse the Benefits Review Board's April 9, 2024 Decision and Order, and enter an order denying benefits.

Respectfully submitted,

**CENTRAL APPALACHIAN COAL COMPANY,**

By counsel

/s/ Mark J. Grigoraci
Mark J. Grigoraci (W. Va. Bar No. 9516)
Robinson & McElwee PLLC
400 Fifth Third Center
700 Virginia Street, East
P.O. Box 1791
Charleston, WV  25326
304-344-5800
304-344-9566 (facsimile)
mjg@ramlaw.com

14

## III.    CERTIFICATE OF COMPLIANCE

I certify that this brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments), because this brief contains less than 6,500 words, specifically 3,290, as counted via Microsoft Word, and this brief was prepared in a proportionally spaced typeface using Microsoft Word 365 in 14pt Times New Roman.

Dated: October 25, 2024

/s/ Mark J. Grigoraci
Mark J. Grigoraci
*Counsel for Petitioner*

# IV.   CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 25th day of October, 2024, I filed this Reply Brief in Support of Petition for Review on Behalf of Central Appalachian Coal Company electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Brad A. Austin, Esquire
Wolfe, Williams & Austin
470 Park Avenue
P.O. Box 625
Norton, VA 24273
baustin@wwrrlawfirm.com

Ann M. Scarpino, Esquire
Attorney
U.S. Department of Labor
200 Constitution Avenue, N.W., Rm. N-2119
Washington, D.C. 20210
scarpino.ann@dol.gov

/s/ Mark J. Grigoraci
Mark J. Grigoraci
*Counsel for Petitioner*

4871-0671-5122, v. 1